Howard Strong, Esq. [S.B. # 069641]
LAW OFFICES OF HOWARD STRONG
stronglaw@gmail.com
P.O. Box 570092
Tarzana, CA 91357-4031
(818) 343-4434
Fax (818) 343-7910

Attorney for Objector &
Intervenor A. Alfi

FILED
2008 DEC 16 AM 11:33
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| MARK and RACHELLE BERGER, *et al.* on behalf of themselves and all persons similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>PROPERTY I.D. CORPORATION, *et al.*,<br><br>      Defendants | Case No. CV 05-5373 -GHK (CWx)<br><br>**OBJECTIONS TO FINAL APPROVAL OF PROPOSED SETTLEMENT BY CLASS MEMBER A. ALFI; NOTICE OF INTENTION TO APPEAR AT HEARING ON FINAL APPROVAL ON JANUARY 26, 2009, NOTICE OF INTERVENTION**<br><br>DATE: January 26, 20098<br>TIME: 9:30a.m.<br>COURTROOM: 650<br>JUDGE: Hon. George H. King |

## INTRODUCTION

A. Alfi is a member of the putative class who received a mailed notice of this action related to his sale of a house in the San Fernando Valley.

He hereby respectfully objects to the proposed settlement because it is not fair, reasonable and adequate because, inter alia, it contains both an attorney fees fair sailing provision and provides for reverter of unclaimed class funds to defendants.

Mr. Alfi also hereby states his intention to appear at the hearing presently set for January 26, 2009; and respectfully requests that he be granted leave to intervene in this action.

## ARGUMENT

**The proposed settlement is inherently defective because defendants agree not to oppose Class Counsels' fee requests and because of reverter of unclaimed funds to defendants**

The Federal Judicial Center's Managing Class Action Litigation: A Pocket Guide for Judges (Rothstein & Willging, FJC 2005) (online at http://www.fjc.gov/public/pdf.nsf/lookup/ClassGde.pdf/$File/ClassGde.pdf) discusses the hot-button indicator of unfairness on its face of a proposed class settlement which contains both a fair sailing class counsel fees provision and which provides for reverter of unclaimed settlement funds to defendants.

> "*3. Restrictions on claims/reversion of unclaimed funds to defendants*
>
> Limits on the amount of recovery per claimant, strict eligibility criteria for claimants, or other procedural or substantive obstacles to

- 1 -

No. CV 05-5373 -GHK (CWx)
Alfi Objections to Final Approval
of Proposed Settlement etc.

honoring claims from class members may have the effect of reducing the apparent value of a settlement. **Coupled with a provision that any unclaimed funds revert to the defendant at the end of the claims period (a provision that is generally disfavored, as discussed below),** restrictions on eligibility are likely to substantially diminish the overall value of a settlement to the class. *See, e.g., Reynolds,* 288 F.3d at 283. Adding a 'clear sailing' agreement (i.e., a stipulation that attorney fees based on the inflated settlement figure will not be contested) to an agreement with a reversion clause tilts the benefit of the settlement away from class members and toward class counsel. *See, e.g., Sylvester v. CIGNA Corp.,* 369 F. Supp. 2d 34, 47 (D. Me. 2005) ("the reverter clause and clear sailing clause raise a presumption of unfairness").

A reversion clause creates perverse incentives for a defendant to impose restrictive eligibility conditions and for class counsel and defendants to agree to an inflated settlement amount as a basis for counsel fees. **Instead of approving a settlement with a reversion clause, consider encouraging the parties to use an alternative approach, such as prorating the total settlement amount among the class members who file claims.** Prorating is a straightforward way to avoid the possibility of unclaimed funds and has become a standard practice in class settlements."

Managing Class Action Litigation, *supra,* at 13 (bold added)

The Settling Parties' proposed settlement includes both a fees fair sailing agreement and reverter of unclaimed funds to defendants—this alone is more than sufficient reason to reject the proposed settlement.

- 2 -

No. CV 05-5373 -GHK (CWx)
Alfi Objections to Final Approval
of Proposed Settlement etc.

Regarding fees see Settlement Agreement, ¶ 63 which provides that "… Defendants shall not object [to the fee application]" (Settlement Agreement is at Exhibit F to Declaration of Barry Himmelstein in Support of Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlements, Doc. 863-2 [hereinafter "Settlement Agreement"]).

Regarding reverter of unclaimed class funds, see ¶ 20 of Settlement Agreement.

It appears that the defendants, under the proposed Settlement Agreement's reverter, will be the ones getting benefits and most of the touted settlement fund.

Interestingly, in the *Sylvester* case cited above in the quote from Managing Class Action Litigation, the final approval by the Court of the proposed settlement was set over several times due to the Court's concerns about the proposed settlement; but eventually, the Settling Parties reached a settlement which provided for several times more actual payout to the class than would have been achieved by the original, unapproved, proposed settlement and also provided substantial fees to Class Counsel.  See, as to final settlement fund of $2.3 million and payout to class members (including those who did not return claim forms), *Sylvester v CIGNA* (2005, USDC Maine) 383 F. Supp. 2d 194.  And, as to fees to Class Counsel, see *Sylvester v CIGNA* (2005, USDC Maine) 401 F. Supp. 2d 147.

In other words, although the *Sylvester* Court several times rejected final approval of the proposed settlement, eventually, a result for the class far superior to that originally proposed was achieved.

There is no good reason for defendants to recover any of the settlement funds.  A *pro rata* payout of any residue or a cy pres distribution to worthy, class related groups is far superior; and not suspect.  For example, if the *cy pres*

- 3 -

No. CV 05-5373 -GHK (CWx)
Alfi Objections to Final Approval
of Proposed Settlement etc.

remedy is used the housing related programs of such groups as the Western Center on Law and Poverty, CAL PIRG and/or California legal clinics could properly receive funds.

### Claims of defendant poverty are suspect—What about insurance? What about TARP? What about full disclosure of financial status?

It appears that Settling Parties contend that their proposed settlement' reverter of many millions of dollars is somehow supported by claims that the defendants are not as rich as they used to be.

However, it appears likely that they have insurance or other indemnity coverage for much, if not all, of their exposure. Yet, this coverage appears not to have been revealed. Neither has the present actual financial status of the defendants **or their parents and subsidiaries**.

Full disclosure of financial status should be required before the Settling Parties' proposed agreement is approved.

And, it also appears that developments since the Settling Parties' agreement was reached may have changed their financial situation, via the federal $700 billon Troubled Assets Relief Act ("TARP") program and other government aid.

Objector respectfully requests full disclosure of the insurance coverage of defendants, their current financial state and what they have received or will be receiving from TARP and other government programs and aid before any final approval is granted.

As Managing Class Action Litigation (FJC 2005) at page 9, supra, notes, a key in class action settlement approval is for the Court to be fully informed about all relevant factors.

- 4 -

No. CV 05-5373 -GHK (CWx)
Alfi Objections to Final Approval
of Proposed Settlement etc.

Here, there appears to be relevant information which has not been provided.

**Any determination of fees should take place only after the amount actually paid to class members is known.—Proposed Settlement pits Class Counsels' interests against class members'**

It appears that the actual amount to be paid out to class members will be far, far smaller than the touted totals, with most of the claimed recovery going back to defendants or to Class Counsel (if the proposed settlement should be approved), there should be no consideration of the amount to be paid to Class Counsel until it is known how much the class members actually receive.

Otherwise, the fees to Class Counsel will be excessive in view of the sums actually received by the class.

Indeed, the Settlement Agreement sets up a situation where Class Counsels' financial interests are not properly aligned with the financial interests of the class members. These interests may be properly co-coordinated by paying Class Counsel only a portion of the actual cash recovery to class members rather than including the cash going back to defendants.

### CONCLUSION

**This Honorable Court should not finally approve the proposed settlement**

It is respectfully submitted, for the above stated reasons that this Honorable Court should not grant final approval of the proposed settlement.

DATED: December 15, 2008

Respectfully submitted,

by   /s/ Howard Strong
Howard Strong, Attorney for Objector A. Alfi

- 5 -

No. CV 05-5373 -GHK (CWx)
Alfi Objections to Final Approval
of Proposed Settlement etc.

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

I, the undersigned, am employed at the Law Offices of Howard Strong, Postal Box 570092, Tarzana, CA 91357-0092 in the County of Los Angeles.
On the date below, I served the foregoing document(s) described as:

## CASE NO.: CV 05-5373-GHK (CWx)

## OBJECTIONS TO FINAL APPROVAL OF PROPOSED SETTLEMENT BY CLASS MEMBER A. ALFI; NOTICE OF INTENTION TO APPEAR AT HEARING ON FINAL APPROVAL ON JANUARY 26, 2009, NOTICE OF INTERVENTION

___ by placing true copies thereof enclosed in a sealed envelope or envelopes addressed as stated on the attached mailing list:

_X_ by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the Central District of California 255 East Temple Street Los Angeles, CA 90012 | Barry Himmelstein Lieff, Cabraser, Heimann & Bernstein, LLP 275 Battery Street, 30th Floor San Francisco, CA 94111 | John Schwimmer Sussman Shank LLP 1000 SW Broadway, Suite 1400 Portland, OR 97205 |

BY PERSONAL SERVICE: ___ I delivered such envelope or envelopes by hand:

BY MAIL: _X_ I deposited such envelope or envelopes in the United States mail at Los Angeles, California. The envelope or envelopes were mailed with first class postage thereon fully prepaid.

BY EXPRESS MAIL: ___ I deposited such envelope or envelopes in the United States mail at Los Angeles, California. The envelope or envelopes were mailed with Express Mail postage thereon fully prepaid and in an envelope provided by the United States Post Office for Express Mail service.

BY FAX___ I faxed a copy of aforesaid document to Fax # at approximately on the date below.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Date: December 15, 2008

H. Strong: /s/ Howard Strong