1  Barry R. Himmelstein (State Bar No. 157736)
   email: bhimmelstein@lchb.com
2  Robert J. Nelson (State Bar No. 132797)
   email: rnelson@lchb.com
3  LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
4  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
5  Telephone: (415) 956-1000
   Facsimile: (415) 956-1008
6
7  *Class Counsel*

\_\_\_\_ Priority
\_\_\_\_ Send
\_\_\_\_ Clsd
\_\_\_\_ Enter
\_\_✓\_ JS-5/JS-6
\_\_\_\_ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT
JAN 2 8 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

8              UNITED STATES DISTRICT COURT
9              WESTERN DISTRICT OF CALIFORNIA
10                   WESTERN DIVISION

11 | MARK and RACHELLE BERGER, et al., on behalf of themselves and all persons similarly situated,
          Plaintiffs,
   v.
   PROPERTY I.D. CORPORATION, et al.,
          Defendants.
   | No. CV 05-5373-GHK (CWx)
   
   [PROPOSED] **FINAL ORDER AND JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENTS**
   
   DATE: January 26, 2009
   TIME: 9:30 a.m.
   COURTROOM: 650
   JUDGE: Hon. George H. King
   
   Discovery Cutoff: May 9, 2008
   Pretrial: Not Set
   Trial: Not Set

1   Plaintiffs[1] have submitted for the Court's consideration a proposed Settlement Agreement resolving this class action lawsuit against four sets of defendants: (a) the Property I.D. Defendants;[2] (b) the Realogy Defendants;[3] (c) the Pickford Defendants;[4] and (d) the Re/Max Defendants[5] (collectively, "Defendants"). Plaintiffs' Motion for Final Approval of Proposed Class Action Settlements came on for hearing on January 26, 2009 at 9:30 a.m. Having reviewed the Settlement Agreement, the motion, and based on the Court's extensive familiarity with this litigation, the Court now FINDS, CONCLUDES, ORDERS, ADJUDGES, AND DECREES as follows:

1. Plaintiffs, Defendants, and the members of the Realogy Class, the Pickford Class, and the Re/Max Class (as defined in the Court's April 28, 2008 Order Re: Plaintiffs' Motion for Class Certification (Dkt. No. 829), as amended by the Court's August 29, 2008 Order re: Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlements (Dkt. No. 873)) who have not timely excluded themselves from such class (collectively, the "Classes") have submitted themselves to the jurisdiction of the Court for purposes of the proposed settlements, and the Court has subject matter jurisdiction to approve the Settlement Agreement.

2. The Court confirms its findings that the Classes satisfy the

---

[1] Joseph Chenier, Jr., Gil Lee, Jeanne Bakale Aldrich, Michael Attar, Ulysses J. Harvey, and Mark and Rachelle Berger.

[2] Property I.D. Corporation; Property I.D. of California, Inc.; Property I.D. California, LLC; Property I.D. Affiliates 1, LLC d/b/a Property I.D. USA; Property I.D. Associates, LLC; Disclosure Services, LLC; and Property I.D. Golden State, LLC.

[3] Cendant Corporation, Coldwell Banker Residential Brokerage Company, Century 21 Real Estate Corporation, Coldwell Banker Residential Brokerage Corporation, Coldwell Banker Real Estate Corporation, Realogy Corporation, Realogy Services Group LLC, ERA Franchise Systems, Inc., NRT Incorporated, Cendant Real Estate Services Group, LLC and Cendant Operations, Inc.

[4] HomeServices of California, Inc.; Pickford Realty, Ltd.; and Pickford Golden State Member, LLC.

[5] ROCH Enterprises, Inc., f/k/a RE/MAX of California & Hawaii, Inc. and RAS Financial Services, Inc.

1  requirements for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules
2  of Civil Procedure.

3.  The notice of the proposed settlements provided to the Classes satisfies the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and the requirements of due process.

4.  The Settlement Agreement and its terms constitutes a fair, reasonable, and adequate settlement as to each of the Classes, and the Court directs that the settlements be consummated according to the terms of the Settlement Agreement.

5.  Each member of any of the Classes who has not timely excluded themselves from such Class is bound by the terms of the Settlement Agreement, including the Settlement Classes' Release set forth in Paragraph 56 thereof.

6.  This action is dismissed with prejudice as to Defendants, without attorneys' fees or costs except as provided in the Settlement Agreement.

7.  The Court shall retain jurisdiction to enforce the Settlement Agreement until performance in full of its terms, including the administration and distribution of the funds deposited into the Settlement Account, as defined therein.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: 1/26, 2009

_____
Hon. George H. King
United States District Judge